DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Richard A. Wilson, | ) CASE NO. 5:10 CV 1629 |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION AND ORDER |
| Officer Kaley, et al., | ) |
| Defendants. | ) |

I. INTRODUCTION

Plaintiff *pro se* Richard A. Wilson filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 against Ravenna, Ohio Officers Kaley and Meyers, the Chief of Police, and John and Jane Doe, ambulance drivers. He alleges that Officers Kaley and Meyers used excessive force when arresting him. Plaintiff also alleges that the ambulance drivers used their knuckles and force on his chest, which was very painful. Plaintiff states that as a result of the defendants' conduct, he has a permanent scar above his left eye, chipped teeth, back and neck pain, and a constant buzzing noise in his ears. He requests that the defendant officers be reprimanded and that he be compensated for his alleged injuries.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v.*

(5:10 CV 1629)

*Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). For the following reasons, the Court finds that plaintiff's claims, in part, satisfy these criteria.

## II.  LAW AND ANALYSIS

Plaintiff was allegedly injured during his arrest. Therefore, the Fourth Amendment's prohibition against unreasonable seizures of the person which is used in the context of an arrest or investigatory stop of a free citizen applies. *Aldini v. Johnson*, 609 F.3d 858, 864 (6th Cir. 2010) (citing *Whitley v. Albers,* 475 U.S. 312, 318-322 (1986)). In determining whether a Fourth Amendment violation exists, the plaintiff must show that an officer's use of force was objectively unreasonable giving deference to the officer's on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case. *Id.* The plaintiff must have suffered a significant injury, i.e., the injury must be more than *de minimis. Smith v. City of Chattanooga,* 2009 WL 3762961 * 8 (E.D. Tenn., Nov. 4, 2009).

A.	John and Jane Doe Ambulance Drivers

The injuries allegedly caused by the police officers may have been severe. However, the facts show that the unnamed ambulance drivers appear to have been trying to save plaintiff's life. Further, plaintiff alleges no permanent injury to his chest area.  Accordingly, based on the fact as alleged by plaintiff, the alleged conduct of the ambulance drivers does not amount to a Fourth Amendment violation. Therefore, John and Jane Doe Ambulance Drivers will be dismissed from this action.

(5:10 CV 1629)

B.    Ravenna Police Chief

Plaintiff has also named the Ravenna Chief of Police as a defendant. However, the complaint contains no facts showing his involvement. The Sixth Circuit held in *Hays v. Jefferson County, Kentucky,* 668 F.2d 869, 874 (6th Cir. 1982), that a supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the alleged use of excessive force. Also, a failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). The Chief of Police cannot be held liable based solely on his right as chief of police to control the actions of the police officers or simple awareness of any excessive force used by the police officers. *Walters v. Stafford,* 317 Fed. Appx. 479, 489-90 (6th Cir. 2009); *McQueen v. Beecher Community Schools,* 433 F.3d 460, 470 (6th Cir.2006).

### III.  CONCLUSION

Accordingly for the reasons stated herein, John and Jane Doe Ambulance Drivers, and the Ravenna Chief of Police, are dismissed from this action. As to the remaining defendants, Officers Kaley and Meyers, the Clerk's Office is directed to forward the appropriate documents

(5:10 CV 1629)

to the U.S. Marshal for service of process. The Clerk's Office shall include a copy of this Order in the documents to be served upon these defendants.

     IT IS SO ORDERED.

|  September 10, 2010  |  *s/ David D. Dowd, Jr.*  |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |