DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| Richard A. Wilson, | ) | |
|---|---|---|
| | ) | CASE NO. 5:10 CV 1629 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| Officer Kaley, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Presently pending before the Court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 37.  ECF 33.  For the reasons contained herein, defendants' motion is GRANTED.

I.  BACKGROUND

Plaintiff brought this action against Ravenna police officers Kaley and Wilson for alleged violations of his constitutional rights.  The action was originally brought *pro se*, and the Court assigned counsel to represent plaintiff.  Subsequently, the parties reported to the Court that a settlement had been reached.  ECF 21.  Before the settlement was finalized, however, plaintiff's counsel moved to withdraw as counsel because plaintiff wished to proceed *pro se* due to irreconcilable differences with counsel.  ECF 23.  The Court's granted counsel's motion to withdraw and plaintiff proceeded in a *pro se* capacity.  ECF 24.

The settlement was never completed, and the Court conducted a status conference on September 21, 2011, scheduled a discovery cutoff date of January 27, 2012, and required the parties to report by February 17, 2012 regarding the progress of their discovery.  ECF 29.

(5:10 CV 1629)

During discovery, plaintiff responded to defendants' interrogatories but did not respond to document requests for medical records relating to plaintiff's alleged injuries or for medical releases, and did not appear for a scheduled deposition on January 6, 2012.  Defendants ultimately moved to compel plaintiff to produce the requested document and to attend his deposition, which was scheduled for February 3, 2012.  ECF 31.  In response to defendants' motion to compel, the Court issued an Order requiring plaintiff  - absent a request for leave by January 27, 2012 - to produce the documents and attend his deposition on February 3, 2012.

Plaintiff failed to request leave or communicate with the Court in any way, and failed to produce the documents or appear at his deposition.  See ECF 34.  As a consequence of plaintiff's failure to comply with the Court's orders, defendants moved to dismiss this case pursuant to Rule 37.  ECF 33.  Against that background, the Court ordered plaintiff to show cause why this case should not be dismissed for failure to comply with the Court's orders to appear at his deposition and respond to defendants' request for production of documents.  ECF 35.  Plaintiff was specifically advised in the Court's Order that "[i]f plaintiff fails to respond to the Court's show cause order, this case will be dismissed."  ECF 35.  As with all prior orders issued when plaintiff was proceeding in a *pro se* capacity, the Clerk was directed to mail the Court's order to plaintiff at his address of record.  The Court has received no response from plaintiff to the Court's show cause order.

(5:10 CV 1629)

## II.  LAW AND ANALYSIS

Rule 37(b)(2)(A)(v) provides in relevant part:

>**Rule 37.  Failure to Make Disclosures or to Cooperate in Discovery; Sanctions**
>
>> . . .
>
>>**(b) Failure to comply with a Court Order.**
>
>>> . . .
>
>>>**(2) Sanctions in the District Where the Action is Pending.**
>
>>>>**(A)** *For Not Obeying a Discovery Order.*
>
>>>>>If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders.  They may include the following:
>>>>>. . .
>
>>>>>**(v)** dismissing the action . . .

Defendants have moved for dismissal under Rule 37 for plaintiff's failure to comply with the Court's orders regarding discovery.  There are four factors the Court considers when ruling on a motion to dismiss pursuant to Rule 37: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)(quoting *Knoll v. Am. Tel. & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999)).

(5:10 CV 1629)

In this case, plaintiff failed to provide any response to the Court's multiple orders regarding discovery, and there is no evidence in the record that plaintiff was unable to respond. In the absence of any response from plaintiff to the Court's orders, or any evidence or information upon which to find that plaintiff was unable to respond, the Court concludes that the first factor in the analysis weighs in favor of a conclusion that plaintiff's failure to respond to the Court's orders was willful or in bad faith.

With regard to the second factor, prejudice, defendants argue that they have been prejudiced in their ability to complete discovery because plaintiff has not provided requested documents and has not appeared at his deposition. Plaintiff initiated this lawsuit and defendants are entitled to discovery permitted under the federal civil rules in order to defend against plaintiff's claims. Even though plaintiff is proceeding *pro se,* he still must comply with the federal civil rules and obey the Court's orders. Plaintiff's failure to provide the requested documents and to appear at his deposition renders defendants unable to complete discovery and advance a defense in this case. Accordingly, the Court finds that plaintiff's conduct is prejudicial to defendant and that the second factor in the analysis also weighs in favor of dismissal.

As to the third factor, plaintiff was specifically warned by the Court that failure to respond to the Court's show cause order with respect to defendants' motion to dismiss would result in dismissal. ECF 34. With respect to the last factor, the Court provided plaintiff with multiple opportunities to explain his failure to respond to discovery or appear at deposition, or alternatively, to extend the time for compliance with defendants' discovery requests. Plaintiff

4

(5:10 CV 1629)

did not avail himself of any of these opportunities.  Based on plaintiff's complete failure to respond to the Court's orders, even in the face of the Court's warning that failure to respond would result in dismissal, the Court finds that the imposition of less severe sanctions would be ineffective.

### III.  CONCLUSION

For the reasons stated herein, the Court finds that plaintiff's failure to comply with the Court's orders regarding discovery was willful and resulted in prejudice to defendants.  The Court further finds that based on plaintiff's repeated failure to comply with the Court's orders - or to respond in any way - sanctions less severe than dismissal would be ineffective.  The Court further finds that plaintiff was clearly warned by the Court that failure to respond to the Court's orders would result in dismissal.  Based on these findings, the Court concludes that dismissal of plaintiff's complaint with prejudice is an appropriate sanction under the circumstances of this case.  *See Bass v. Jostens*, 71 F.3d 237, 243 (6th Cir. 1995).

Accordingly, defendants' motion to dismiss is GRANTED.  The Clerk is directed to mail a copy of this Memorandum Opinion to the plaintiff at his address of record.

IT IS SO ORDERED.

| March 28, 2012 | *s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |